UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK, No. 767925,

                Petitioner,                Case No. 5:17-cv-12251
                                                  Hon. John Corbett O'Meara

v.

RAPELJE LLOYD,

                Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

      Petitioner Charles Holbrook, ("Petitioner"), incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner was convicted of two counts of producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2), two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of possessing child sexual abusive material, Mich. Comp. Laws § 750.145c(4), accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f, following a jury trial in the Kent County Circuit Court. The current petition omits the pages of the preprinted habeas petition form where Petitioner would enumerate his claims. A cover letter accompanying the petition asks that the case not be transferred to the Sixth Circuit because "they

---

[1] This is Holbrook's fifth federal habeas petition filed in 2017 in this District. See E.D. Mich. Case Nos. 17-11477, 17-11232, 17-11068, and 17-11606. He has filed approximately a dozen other habeas petitions attacking his convictions and sentences since 2013. See E.D. Mich. Case Nos. 13-13137, 16-10684, 16-10881, and 16-11901; W.D. Mich. Case Nos. 16-00142, 16-00140, 16-00062, 17-00390, 16-00171, 13-00663, 15-00056, and 15-00131. The Court notes that Petitioner falsely checked the box in his current habeas petition indicating that he not filed a prior federal habeas petition. Dkt. 1, ¶ 15.

refuse to talk to me about my U.S. Constitution. This is not acceptable."

As noted, Petitioner has an extensive federal habeas litigation history. For purposes of this order, however, it is enough to note that Petitioner has filed at least one prior petition for a writ of habeas corpus challenging the convictions at issue in the present case that was denied on the merits. See *Holbrook v. Rapelje*, No. 2:13-cv-13137 (E.D. Mich. April 1, 2016).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals. *Id*. at 971; See also *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The current habeas petition is a successive petition within the meaning of § 2244(b)(3)(A). This Court therefore lacks jurisdiction to entertain the petition in the absence of authorization from the Sixth Circuit. § 2244(b)(3)(A).

**IT IS THEREFORE ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d

45, 47 (6th Cir. 1997).

s/John Corbett O'Meara  
United States District Judge

Date: July 14, 2017

 I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 14, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
